**ST. LOUIS TEACHERS' CREDIT UNION, Appellant,**

v.

**Robert E. MARSH et al., Respondents.**

**No. 60985.**

Supreme Court of Missouri,
En Banc.

Sept. 11, 1979.

Leon G. Kusnetsky, Robert C. Carter, Alan D. Schwartz, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Terry C. Allen, Asst. Atty. Gen., Jefferson City, for respondents.

BARDGETT, Chief Justice.

The issue on this appeal is whether section 370.300.1, RSMo 1978,[1] which restricts the interest a credit union may charge a member to one percent per month on the unpaid balance, is violative of art. 3, sec. 44, Mo.Const.,[2] in that it fixes rates of interest for a particular group or class (credit unions) lending money and is contrary to the requirement that rate of interest fixed by law shall be applicable generally to all lenders without regard to the type or classification of their business. This court has jurisdiction. Art. 5, sec. 3, Mo.Const.

The appellant credit union sued respondent director of division of credit unions seeking a declaratory judgment as to the constitutionality of section 370.300.1, supra, alleging several grounds. Art. 3, sec. 44, supra, is decisive of the case and therefore the other allegations need not be reached. The circuit court held section 370.300.1 valid. This court holds that section 370.300.1 is violative of art. 3, sec. 44, and is therefore invalid.

Reversed.

As of the time this case was decided in circuit court, the general usury law in Missouri was section 408.030.1, RSMo Supp. 1975, which permitted parties to agree for the payment of interest not to exceed ten percent per annum on money due or to become due. Section 408.100, RSMo 1978, was an exception to the general usury law and allowed for higher interest rates on loans of $500 or less, but it applied equally to all lenders. Sections 408.030.1 and 408.-100, supra, are general statutes which regulate the rate of interest on classes of loans but not according to the class or type of lender.

The only statute which regulates the interest rate according to a class or type of lender is the statute under attack here, section 370.300, supra. It limits the interest that may be charged by a *credit union* to one percent per month on the unpaid balance.

Respondents argue that section 370.300 is a classification of a type of loan—a credit union loan—and not premised upon a type of lender—a credit union as compared with a bank or savings and loan association.

The leading and controlling case on the subject is *Household Finance Corporation v. Shaffner*, 356 Mo. 808, 203 S.W.2d 734 (Mo. banc 1947). There the court held the Small Loan Act, which allowed a lender to charge three percent per month on loans up to $100 and two and one-half percent per month on loans between $100 and $300, *if* the lender first obtained a license from the Commissioner of Finance, violative of art. 3, sec. 44, because certain lenders (banks, trust companies, building and loan associations, and others) were prohibited from obtaining the required license and therefore prohibited from charging the higher rates on small loans. (See sections 8150–8171, RSMo 1939). The court said at 738:

"... Undoubtedly the law purports to set up for a favored group or class of licensed lenders higher rates than are available to lenders who cannot or do not procure a license and engage in the small loan business, and this is in conflict with [art. 3] Section 44.

---

1. "A credit union may lend to its members at reasonable rates of interest, which shall not exceed one percent a month on unpaid balances; provided, however, that a minimum interest charge not exceeding one dollar per month shall be allowable in all cases."

2. "No law shall be valid fixing rates of interest or return for the loan or use of money, or the service or other charges made or imposed in connection therewith, for any particular group or class engaged in lending money. The rates of interest fixed by law shall be applicable generally and to all lenders without regard to the type or classification of their business."

"Section 44 does not prohibit the enactment of laws authorizing the formation and regulation of different types of lenders, such as banks, savings and loan associations, etc. Nor does it prohibit the enactment of laws providing reasonable classification of loans as to amounts, or otherwise, with different permissible rates of interest for different types of loans, but the rates provided for any type of loans, must be available to all lenders who make such loans, without regard to the type of classification of their business. Whether the constitutional provision is wise or unwise is not our province to decide."

In his concurring opinion in *Household Finance,* Judge Hyde agreed, but pointed out, at 739–740:

"In other words, Section 44 does not abrogate the police power of the state to regulate and license the business of lending money. It only restricts regulation to the extent that it prohibits fixing different interest rates to be charged by different classes of lenders. No class of lenders may now be given a monopoly or special privileges as to interest rates; but all the rest of the field is as open to the Legislature as it was before. *It may fix different maximum rates for different classes, kinds and sizes of loans but all lenders may charge the rates fixed for such loans.* . . ." (Emphasis added.)

The holding in *Household Finance v. Shaffner, supra,* finds substantial support in the 1943–44 Constitutional Convention Debates. Art. 3, sec. 44, was new in our 1945 Constitution. Section 370.300.1 was enacted in 1927 and has been changed little since then. Laws of Mo.1927, p. 164, sec. 14. Prior to 1945, other statutes allowed only certain types of lenders to charge interest rates that were higher than the general interest rates for small loans. Article 3, section 44, was designed to open the field of

competition to all money lenders simply by prohibiting classification of lenders for the purpose of setting different rates of interest. See Debates of the Missouri Constitution, pp. 1184–1185, 1209, 7091.

More than once, delegates to the Convention raised the question of whether art. 3, sec. 44, would apply to credit unions. Senator Allen McReynolds, who introduced the measure, answered affirmatively, stating, "Credit unions would enjoy exactly the same rights as anybody else. No more, no less." *Debates* at 1210.

*Household Finance Corporation v. Shaffner, supra,* is decisive of this case. Section 370.300.1 is violative of art. 3, sec. 44, for the reasons stated supra and is therefore invalid and void.

The judgment is reversed.

DONNELLY, RENDLEN, SEILER and MORGAN, JJ., and WELBORN, Special Judge, concur.

WELLIVER, J., concurs in separate concurring opinion filed.

HIGGINS, J., not participating because not a member of the court when cause was submitted.

WELLIVER, Judge, concurring.

It is with reluctance that I concur in the result.

It is interesting to note that Mo.Const. art. III, § 44 was sold to the delegates to Missouri's Constitutional Convention as what we would now call a "consumer's amendment". It was sold as a section which would invalidate the Small Loan Law [1] and thereby save the poor borrower from the so-called "unconscionable" rates of interest charged by the small loan companies.[2] It is anomalous that the result of the adoption of the section has been to allow not only small loan companies, but *all* lenders to charge the small loan rate.[3]

---

**1.** 5 Debates of the Missouri Constitution 1945, pp. 1185, 1189–93, hereinafter, *Debates.*

**2.** *Debates* at 1176–80.

**3.** In the wake of *Household Finance Corporation v. Shaffner,* 356 Mo. 808, 203 S.W.2d 734 (1947), the legislature passed a statute providing for a higher permissible rate of interest on small loans, codified at § 408.100, RSMo 1978;

The original purpose of the Credit Union Act was to provide working people access to credit other than through small loan companies. It is also anomalous that we are now asked by one of those credit unions to strike down § 370.300 of the Credit Union Act as unconstitutional so as to permit them to charge the equivalent of small loan rates, even to those who are borrowing back their own money.

Section 44 was never intended to invalidate statutes that classify borrowers.[4] The unequivocal language of § 370.300 so clearly and expressly classifies credit unions as a type of lender permitted to charge more than the general usury rate, that we are precluded from construing the statute as one classifying borrowers or designed to protect a class of borrowers.

Laws of Mo.1951, p. 875 (*repealed* May 1, 1979, S.B. 305, 80th General Assembly). Both the 1951 and the 1979 statutes permit all lenders to charge the higher rates for small loans.

4. *Debates* at 1196; *see also,* McReynolds, Legislative Remedies Possible under the Missouri Constitution of 1945, 16 Mo.L.Rev. 292, 292 (1951).